IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC ESPINOSA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-2399 (RMU) |
| ) | |
| JOHN McHUGH et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

The United States hereby submits this memorandum in support of its motion to dismiss. Defendant Jamarko Walker was acting within the scope of his employment by the United States at all times relevant to Plaintiff's Complaint. The United States therefore moves to dismiss him from the suit and substitute the United States as the only proper Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq. Plaintiff failed to file an administrative claim with the Army within two years of the accrual of this claim. Further, Plaintiff failed to exhaust his administrative remedies prior to filing suit because he filed suit less than six months after denial of his administrative claim. The United States, therefore, respectfully moves the Court to dismiss Plaintiff's complaint for lack of jurisdiction.

**I. Facts**

Plaintiff alleges he was injured in a traffic accident on December 20th, 2006. (Compl. ¶ 7.) Plaintiff was a passenger in a police car stopped on the south-bound exit-ramp of I-295. (*Id.*) Plaintiff alleges Sergeant Jamarko Walker, an active duty Army soldier, while driving a

government owned van on official Army business, negligently struck the vehicle behind Plaintiff's.  (*Id.* at 7-8.)  The vehicle behind Plaintiff's then struck Plaintiff's vehicle.  (*Id.* at 7.)  Plaintiff further alleges he has suffered lasting injury as a result of the accident.  (*Id.* at 7.)  Plaintiff submitted a claim for damages to the United States Army on December 2, 2009.  (*Id.* at 16.)

## II.  Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1)

Federal District Courts are courts of limited jurisdiction.  *Runkle v. Gonzales,* 391 F. Supp. 2d 210, 219-220 (D.D.C. 2005).  Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court–the Plaintiff in this case–bears the burden of establishing that the court has jurisdiction.  *See US Ecology, Inc. v. United States DOI*, 231 F.3d 20, 24 (D.C. Cir. 2000) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998)); *see also Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d  9, 13 (D.D.C. 2001) (a Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.");  *Pitney Bowes, Inc. v. United States Postal Serv.,* 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the court must accept the Complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  *Thompson v. Capitol Police Bd.,* 120 F. Supp. 2d 78, 81 (D.D.C. 2000).  In deciding a 12(b)(1) motion, the Court need not limit itself to the allegations of the complaint.  *See Scolaro v. D.C. Board of Elections and Ethics*, 104 F. Supp.2d 18, 22 (D.D.C. 2000)(citing *Herbert v. Nat'l Academy of Sciences*,  974 F.2d 192, 197 (D.C. Cir. 1992)).  Rather, "the court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Id.*

### III.  The United States is the Only Proper Party Defendant

Plaintiff asserted his claim under the FTCA; however, he named both Sergeant Walker and Secretary of the Army McHugh as Defendants.  (Compl. ¶¶ 2-4.)  Plaintiff avers both Sergeant Walker and Secretary McHugh were "acting in their official capacities" during the events giving rise to the suit.  (Compl. ¶ 6.)  As such, the FTCA provides the statutory basis for Plaintiff's suit.

The district courts have exclusive jurisdiction of civil actions for money damages for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  Further, the FTCA states the remedy provided by section 1346(b) for personal injury "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . ."  The FTCA thus provides the exclusive basis for Federal jurisdiction where a plaintiff seeks damages against the United States for torts committed by Federal employees.  28 U.S.C. § 1346(b)(1); *Epps v. United States Att'y Gen.,* 575 F.Supp.2d 232, 238 (D.D.C. 2008).

The Federal Employees Liability Reform and Tort Compensation Act ("Westfall Act") generally confers upon all federal officers and employees immunity for their "negligent or wrongful act[s] or omission[s]" while acting within the scope of their office or employment. *See* Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100-694, 102 Stat. 4563(1988) codified at 28 U.S.C. 2671-2680.  *Bancoult v. McNamara*, 370 F.Supp.2d 1, 6 (D.D.C. 2004) (citing *United States v. Smith,* 499 U.S. 160, 163, (1991)).  The statute further provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

In this case, the Chief of the Civil Division, Office of the United States Attorney for the District of Columbia was delegated authority to certify that Jamarko J. Walker, during the collision alleged in the Complaint, was acting within the scope of his employment as an employee of the United States.  *See* Exhibit A, Westfall Certification dated April 21, 2010.  Sergeant Walker's supervisor declared, under penalty of perjury, that Sergeant Walker was acting within the scope of his official duties as a recruiter for the United States Army.  *See* Exhibit B, Declaration of Sergeant First Class David Nimmers.  The Chief of the Civil Division did certify that Sergeant Walker was acting within the scope of his employment as an employee of the United States at the time of the alleged collision.  *See* Exhibit A.  Sergeant Walker therefore enjoys immunity for any allegedly "negligent or wrongful act[s] or omission[s]" while acting within the scope of his office or employment.  *Bancoult v. McNamara*, 370 F.Supp.2d at 6.  Defendant hereby moves to substitute the United States for Jamarko J. Walker pursuant to 28 U.S.C. § 2679(d)(1).

Plaintiff also names "John McHugh, in his official capacity as Secretary of the Army", as a Defendant.[1]  Compl.  Plaintiff goes on to state that Mr. McHugh is "named solely in his official

---

[1] Plaintiff has not perfected service against the United States or the Secretary of the Army, sued in his official capacity, because he has not delivered "a copy of the summons and of the complaint to the United States attorney for the district where the action is brought…" Fed. R. Civ. P. 4(A)(i).  Neither the Secretary of the Army nor the United States has an obligation to respond to this Complaint.  Plaintiff has served Sergeant Walker.  (R. 4.)

capacity as head of the Department of the Army." *Id.*  Plaintiff makes no further allegation regarding Secretary McHugh.  Any assertion of a common law tort claim against Secretary McHugh must be dismissed.

Common law tort claims, such as the alleged negligence alleged in this case, may be asserted only against the United States.  As the Supreme Court has explained:

> The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties.
>
> *Osborn v. Haley,* 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)).

Plaintiff does not appear to allege any negligence on the part of the Secretary of the Army.  *See* Compl.  Nonetheless, any tort claims Plaintiff might be able to assert against the Secretary are foreclosed by the Westfall Act, and Plaintiff must instead press those claims against the United States alone.  *Fenwick v. U.S.*, --- F.Supp. 2d --- , 2010 WL 771508 at * 5 (D.D.C. 2010) citing 28 U.S.C. § 2679(d)(4); 28 U.S.C. 2679(b)(1).  Thus, to the extent that Plaintiff attempts to state common law tort claims against the Secretary of the Army, those claims must be dismissed.  The United States is the only proper Defendant in a claim pursuant to the Federal Tort Claims Act.

### IV.  Plaintiff Failed to Satisfy the Requirements for Subject Matter Jurisdiction Under the FTCA.

The United States retains sovereign immunity and may only be sued with its consent. *United States v. Mitchell,* 463 U.S. 206, 212(1983).  The Federal Tort Claims Act provides a limited waiver of the United States' immunity.  28 U.S.C. §§ 1346, 2671 *et seq*.  As discussed above, under the terms of the FTCA, individuals may sue the United States for the negligence of its employees committed in the scope of their employment.  28 U.S.C. § 1346(b).  However, the

United States' waiver of immunity only applies to cases where plaintiffs have followed specified administrative requirements. *Satti v. US. Dep't of Defense*, No. 06-826, 2007 WL 1794102 at *1 (D.D.C. June 19, 2007) (citing *Bowden v. United States,* 106 F.3d 433,441 (D.C.Cir.1997)). Plaintiff has failed to satisfy those requirements in this case and the Court therefore lacks jurisdiction over Plaintiff's claim. *Id.* (citing *Simpkins v. Dist. Of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997)).

### A. Plaintiff Failed to File an Administrative Claim Within Two Years

While plaintiff filed a claim in this case, he failed to do so within the two-year statutory period. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). A tort claim accrues when a plaintiff "has discovered both his injury and its cause." *Loughlin v. U.S.*, 230 F.Supp.2d 26, 39 (D.D.C. 2002) citing *U.S. v. Kubrick,* 444 U.S. 111, 120 (1979).

Here, the accident giving rise to Plaintiff's suit occurred on December 20, 2006, and that is when his claim accrued. (Compl. ¶ 7.) Plaintiff first notified the United States Army, the relevant federal agency, of his claim on December 2, 2009, almost three years after the accident. (Compl. ¶ 16.) Plaintiff failed to comply with the administrative requirement to file within two years of the accrual of the claim, and this Court therefore lacks jurisdiction. *Satti*, No. 06-826, 2007 WL 1794102 at *1 (citing *Simpkins v. Dist. Of Columbia*, 108 F.3d at 371).

### B. Plaintiff Failed to Exhaust Administrative Remedies

As a prerequisite to filing suit under the FTCA, a plaintiff must exhaust available administrative remedies. 28 U.S.C. § 2675(a) ("[a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the

appropriate Federal agency and his claim shall have been finally denied by the agency . . . ."). If the agency fails to dispose of the claim within six months, the claimant may deem the claim finally denied, and may file suit. *Id*. The courts have no jurisdiction over claims unless plaintiff has complied with the requirements to exhaust administrative remedies. *Zhengxing v. U.S. Patent & Trademark Office,* 579 F. Supp.2d 160, 164 (D.D.C. 2008) (citing *McNeil v. U. S.,* 508 U.S. 106, 113 (1993)).

As discussed above, Plaintiff filed a claim with the United States Army on December 2, 2009. Compl. ¶ 16. Plaintiff notes the Army took no action on the claim prior to Plaintiff filing suit. *Id*. Plaintiff filed the instant suit on December 18, 2009. Plaintiff failed to wait the required six months between filing his claim and filing the law suit. 28 U.S.C. § 2675(a). The Court lacks jurisdiction over Plaintiff's claim due to his failure to exhaust his administrative remedies. *Satti*, No. 06-826, 2007 WL 1794102 at *1 citing *Simpkins v. Dist. Of Columbia*, 108 F.3d at 371.

## V. Prayer

Wherefore the United States respectfully moves this Court to dismiss Plaintiff's claim with prejudice for lack of subject matter jurisdiction.

Respectfully submitted,

RONALD C. MACHEN JR.
D.C. Bar #447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS
D.C. Bar #434122
Chief, Civil Division

By: /s/
KATHRYN A. DONNELLY
Special Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-9895
*Attorneys for Defendant*