# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ERIC ESPINOSA** | : | |
| | : | |
| **Plaintiff** | : | |
| **vs.** | : | **Civil Action No. 1:09-cv-02399 RMU** |
| | : | |
| **JOHN McHUGH et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

## ORAL ARGUMENT REQUESTED

The United States has moved to dismiss this lawsuit, claiming that this Court lacks

subject matter jurisdiction. Although plaintiff Eric Espinosa does not dispute that he did not file

an administrative claim with the Army within two years of the vehicular accident at issue, the

two year limitations period under the Federal Tort Claims Act should be equitably tolled in light

of disparities between the District of Columbia's statute of limitations and the FTCA statute of

limitations, Espinosa's diligence in pursuing his claim, and the absence of confirmation that

defendant Jamarko Walker was acting within the scope of his employment by the United States

at the time of the accident.  The United States' further argument regarding the exhaustion of

Espinosa's administrative remedies is unavailing, given that the United States conclusively

informed Espinosa, *before* Espinosa filed this suit, that his claim "cannot be considered;" that

Espinosa, lacking confirmation that Walker was acting within the scope of his military

employment at the time of the accident, had no choice but to file suit before the expiration of the

District of Columbia's 3-year statute of limitations; that Espinosa filed an amended complaint

after receiving *two* letters denying his administrative claim; and that the United States did not

seek to substitute itself for Walker until well *after* the Army had denied Espinosa's administrative claims.

## FACTS

Defendant Walker caused an automobile accident on December 20, 2006, in the District of Columbia, that severely injured plaintiff Espinosa.  Amended Complaint at ¶ 7.  Espinosa diligently pursued an action against Walker, retaining counsel on September 19, 2007 – only ten months after the accident and more than a year before the 2-year FTCA limitations period expired.  *See* Retainer Agreement, attached hereto as Exhibit 3. After realizing that an administrative claim had not been filed on his behalf, plaintiff retained his present counsel on November 10, 2009.  Espinosa, through his present counsel, promptly filed an administrative claim on December 2, 2009.  *See* Dec. 4, 2009, Denial of Claim, attached hereto as Exhibit 1. The Department of the Army denied the claim on December 4, 2009, asserting that, because the claim had been filed more than two years after the accident, the claim "cannot be considered." *Id*.  Espinosa, through his present counsel, then filed his original Complaint in this matter on December 18, 2009 – two weeks after the Department of the Army denied his administrative claim and two days before the 3-year limitations period for personal injury actions under District of Columbia law ran.  *See* D.C. Code § 12-301(3).

On January 13, 2010, the Department of the Army sent another letter to Espinosa's counsel confirming the denial of Espinosa's claim.  *See* Jan. 13, 2000, Denial of Claim, attached hereto as Exhibit 2.  Thereafter, on February 23, 2010, prior to any of the defendants in this case filing a response to the Complaint, Espinosa filed his Amended Complaint.  The United States served its Westfall certification, confirming that Walker was acting within the scope of his military employment at the time of the accident, on May 5, 2010.

## ARGUMENT

**1.**    ***The Court Should Toll the FTCA Limitations Period.***

Statutes of limitations in suits against the United States are subject to equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990).  This court's equitable tolling authority extends to FTCA cases.  *See Norman v. United States*, 377 F.Supp.2d 96, 100 (D.D.C. 2005), *aff'd*, 467 F.3d 773 (D.C. Cir. 2006).  Equitable tolling of the limitations period is appropriate, for example, "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," *see Irwin*, 498 U.S. at 96, or where, as here, a plaintiff brings a state law claim within the applicable state law limitations period (but outside the FTCA limitations period), only to learn that the defendant "that the named tortfeasor was acting as an agent of the United States."  *See Norman*, 377 F.Supp.2d at 100 (quoting *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005)).

It is beyond question that Espinosa diligently pursued his claim against Walker.  He retained counsel only 10 months after the accident with the express purpose of pursing a claim against Walker.  When he learned that a claim had not been filed by November, 2009, he retained new counsel, which promptly filed both an administrative claim and the instant suit prior to the running of the District of Columbia's 3-year limitations period for personal injury actions.  *See* D.C. Code § 12-301(3).

Moreover, because Espinosa was unaware of whether Walker was acting within the scope of his military employment at the time of the accident until the United States filed its Westfall certification on May 5, 2010, filing a state-law action within the District of Columbia's 3-year limitations period was both appropriate and, under the doctrine recognized in Norman and

Celestine, an independent basis for equitably tolling the two-year FTCA statute of limitations. Accordingly, the limitations period should be equitably tolled, and Espinosa's action deemed timely filed.

> **2.     *Espinosa Exhausted His Administrative Remedies Under the FTCA.***

The United States also argues that the Amended Complaint should be dismissed because Espinosa allegedly failed to exhaust his administrative remedies.  This argument is without merit.

First, Espinosa did not file his initial Complaint until two weeks after receiving a letter from the Department of the Army unequivocally stating that, because Espinosa had not filed the claim within two years of the accident, his claim "cannot be considered."  *See* Dec. 4, 2009, Denial of Claim, attached hereto as Exhibit 1.  Although the letter went on to say, ambiguously, that "action authority rests with the United States Army Claims Service," the denial of Espinosa's claim was plain:  his claim "cannot be considered."  *Id.*

Second, Espinosa filed his Amended Complaint after receiving the Department of the Army's second denial letter.

Third, to the extent that the United States asserts that Espinosa had to wait until after receiving the Army's second letter before filing suit – a wait that would have meant filing after the District of Columbia's 3-year limitations period had run – such a Hobson's choice is both absurd and "unjust."  *See Celestine*, 403 F.3d at 84.  Espinosa had no way to know whether Walker was acting within the scope of his employment until the United States acknowledged as much on May 5, 2010.  If he were to have waited for the Army's January 13 letter, he would have missed the District of Columbia's limitations deadline, yet the Westfall Act would have provided "no salve."  *Id.*  Such a result is inconsistent with fundamental fairness and justice.  *Id.*

Finally, by the time the United States sought to substitute itself for Walker and to confirm Walker's employment status, Espinosa had already (a) filed an administrative claim, (b) received two denial letters from the Army, and (c) amended his Complaint to reflect the two denials. Therefore, at the point the United States sought to convert the action into an FTCA action, Espinosa had fully exhausted his administrative remedies.

## <u>CONCLUSION</u>

Espinosa was seriously injured in a motor vehicle accident caused by defendant Walker. Dismissing the case would end Espinosa's efforts to seek compensation for his injuries from Walker.  Because Espinosa pursued his claim with great diligence, and because Espinosa timely brought his claim within the District of Columbia's statute of limitations, this Court should avoid the manifest injustice that would result from dismissal and should instead equitably toll the FTCA limitations period.  Further, for the reasons set forth above, the Court should find that Espinosa adequately exhausted his administrative remedies and therefore is not subject to dismissal on that ground.  The motion to dismiss should therefore be denied.

Dated: May 19, 2010                                        Respectfully submitted,


    /s/ Creighton R. Magid
Creighton R. Magid (Bar No. 476961)
Timothy J. Koeppl (Bar No. 983307)
DORSEY & WHITNEY LLP
1801 K Street, N.W., Suite 750
Washington, D.C. 20006
Telephone:  (202) 442-3555
Fax:  (202) 442-3199
magid.chip@dorsey.com
koeppl.timothy@dorsey.com

Counsel For Plaintiff Eric Espinosa

Plaintiff requests oral argument on the instant motion.