**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
ERIC ESPINOSA                             )
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )        Civil Action No. 09-2399 (RMU)
                                          )
JOHN McHUGH et al.,                       )
                                          )
              Defendants.                 )
_____)


## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The United States hereby submits this reply in support of its motion to dismiss. Plaintiff does not dispute that he failed to file an administrative claim with the Army within two years of the vehicular accident at issue. Plaintiff has failed to demonstrate that he is entitled to equitable tolling of the two year statute of limitations set forth at 28 U.S.C. § 2401 (b). Defendant, therefore, requests that the Court dismiss plaintiff's complaint for lack of jurisdiction.

## I.      SUMMARY OF ARGUMENT

Plaintiff asserts that he "diligently pursued an action against Walker, retaining counsel on September 19, 2007." Plaintiff's Opposition, at page 2. That he retained counsel is of no moment under 28 U.S.C. § 2401 (b) nor 28 U.S.C. § 2675(d)(5). Apparently, plaintiff's previously retained counsel did not act with reasonable diligence. Plaintiff alleges that upon "realizing that an administrative claim had not been filed on his behalf, plaintiff retained his present counsel on November 10, 2009." *Id.* In less than one month, plaintiff's current counsel was able to determine the proper procedures to follow under 28 U.S.C. § 2401 (b), and undertook

1

to file a claim with the Army on December 2, 2009.  *Id*.  This act suggests counsel was able, in short order, to determine the status of Sergeant Walker as a federal employee and U.S. Army Recruiter, and take the appropriate steps for exhausting administrative remedies.  Unfortunately for plaintiff, though this happened relatively quickly, it happened too late.  The three-year statute of limitations for the District of Columbia is irrelevant to the statute of limitations analysis under the Federal Tort Claims Act ("FTCA"), and plaintiff has not demonstrated he is entitled to equitable tolling.  Plaintiff appears to attach some significance to the fact that the United States did not certify Sergeant Walker as acting within the scope of his employment until after the Army Claims Service denied plaintiff's claim.  This is the normal practice;  federal employees' certification by the Attorney General or his designee are not done at the administrative claim phase, but in response to court proceedings.

## II.  ARGUMENT

As noted in the Defendant's motion to dismiss, Federal District Courts are courts of limited jurisdiction.  *Runkle v. Gonzales,* 391 F. Supp. 2d 210, 219-220 (D.D.C. 2005).  The FTCA is a limited waiver of sovereign immunity.  The United States has waived sovereign immunity for the acts or omissions of its employees acting within the scope of their employment which sound in tort.  28 U.S.C. § 2679 (b).  The two year statute of limitation provided by 28 U.S.C. § 2401 (b), requires that to recover under the FTCA for the December 20, 2006 accident, Plaintiff must have filed an administrative claim with the appropriate agency, in this case the Army, by December 20, 2008.  Plaintiff did not file an administrative claim until December 2, 2009.  Plaintiff's Opposition at page 2.  Absent some exception to the Court's FTCA jurisdiction, plaintiff's cause of action is therefore barred.

2

Plaintiff makes the argument that because he was unable to determine conclusively that Sergeant Walker was a federal employee, he should be afforded equitable tolling.  For this proposition he cites *Norman v. United States*, 377 F.Supp.2d 96, 100 (D.D.C. 2005), *aff'd*, 467 F.3d 773 (D.C. Cir. 2006) stating that this case supports the proposition that "equitable tolling authority extends to FTCA cases."  Contrary to plaintiff's contention, the District of Columbia Court of Appeals held, "We have never squarely addressed whether equitable tolling applies to the FTCA's statute of limitations, and we need not do so here, for Norman has failed to meet the due diligence requirement for equitable tolling."  467 F.3d at 776.   The case relied upon by plaintiff does not establish a right to the relief he seeks.  Further, as in *Norman*, that question need not be reached here, because like *Norman*, plaintiff has not acted with diligence in pursuing his cause of action.

*Norman* involved a pedestrian struck in the District of Columbia by a vehicle driven by a federal employee.  467 F.3d at 774.  John Norman did not learn that the driver worked for the federal government until after the two-year statute of limitation had run.  *Id.*  He filed an action in D.C. Superior court against the driver personally, which was removed to District Court and subsequently dismissed as time-barred under the FTCA.

Like plaintiff, Norman argued that his suit was filed within the District of Columbia's three-year statute of limitations.   The Court of Appeals rejected this argument noting simply that "If that were enough for equitable tolling, however, the FTCA's statute of limitations would have no bite."  *Id.* at 776.

Plaintiff states "[i]t is beyond question that Espinosa diligently pursued his claim against Walker."  Plaintiff's Opposition at page 3.  Notwithstanding, plaintiff's diligence is precisely what is in question.  Plaintiff did not mistakenly sue Sergeant Walker in a state court proceeding

3

in D.C. Superior Court, as did the plaintiff in *Norman,* such as to potentially invoke 28 U.S.C. § 2679 (d)(5).[1]  Plaintiff's first action in furtherance of his claim was to file an administrative claim with the Army.  While plaintiff asserts that retaining counsel suggests his diligence, the fact that he retained counsel on September 19, 2007 — 10 months after the accident — and neither he, nor his prior counsel took any apparent steps to further his case for the next two years, suggests quite the opposite.  Plaintiff's Opposition, page 2.  If anything, this lag demonstrates how long plaintiff was aware he had a potential cause of action, and how long he failed to take action.  Without conceding that equitable tolling is even applicable to the FTCA, such tolling is granted, in the words of the Supreme Court, "only sparingly" and is generally denied where a plaintiff has "failed to exercise due diligence in preserving his legal rights."  *Id.* at 775-76 *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Concerning the administrative claim, it militates against plaintiff's assertion that he "was unaware of whether Walker was acting within the scope of his military employment at the time of the accident until the United States filed its Westfall certification on May 5, 2010."  *See* Plaintiff's Opposition at page 3.  Prior to May 5, 2010 plaintiff was in correspondence with the

---

[1] 28 U.S.C. § 2679 (d)(5) reads in full:

Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675 (a) of this title, such a claim shall be deemed to be timely presented under section 2401 (b) of this title if—

**(A)** the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

**(B)** the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

Army Claims Service.  Exhibit 2 to Plaintiff's Opposition, Letter from Army Claims Service to plaintiff dated January 13, 2010.  At that time, plaintiff clearly had some information to suggest Sergeant Walker was not just a federal employee, but specifically was a Soldier in the U.S. Army.  That plaintiff was not absolutely certain as to whether Sergeant Walker was acting within the scope of his employment does not mean that he is unable to take action to preserve his claim. As observed in *Norman,* the federal government does not have an obligation to inform a plaintiff of a driver's status.  *Norman,* 467 F.3d at 777 *citing Gould v. U.S. Dep't of Health & Human Servs.,* 905 F.2d 738, 745 (4th Cir.1990).  See also *Gould,* 905 F.2d 738 at 744 (4th Cir.1990) ("[P]laintiffs have an affirmative duty to inquire as to the legal identity of the defendant.").  *See also, Norman,* 467 F.3d at 777 ("It is the plaintiff who must exercise due diligence, not the defendant ….").

Plaintiff has not demonstrated the due diligence required to invoke equitable tolling of the FTCA's two-year statute of limitations.

### III.  CONCLUSION

Wherefore the United States respectfully moves this Court to dismiss plaintiff's claim with prejudice for lack of subject matter jurisdiction.

Respectfully submitted,

RONALD C. MACHEN JR.
D.C. Bar #447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS

5

D.C. Bar #434122
Chief, Civil Division

Of Counsel:                              By:_____
CAPTAIN DAN DALRYMPLE                     KATHRYN A. DONNELLY
U.S. Army Litigation Division             Special Assistant U.S. Attorney
501 N. Stuart St.                         555 4th Street, N.W.
Arlington, VA  22203-1837                 Washington, D.C. 20530
                                          (202) 353-9895
                                          *Attorneys for Defendant*