**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ERIC ESPINOSA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-2399 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 6 |
| | : | | |
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS

**I. INTRODUCTION**

This matter is before the court on the defendant's motion to dismiss the complaint for

lack of subject matter jurisdiction   The plaintiff brings his suit pursuant to the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) *et seq*., alleging that he was injured when an

active duty Army sergeant on official Army business negligently caused a traffic accident.

Because the plaintiff failed to file an administrative complaint within two years of the accrual of

his claim as required by the FTCA and because, as a result, the court lacks subject matter

jurisdiction, the court grants the defendant's motion to dismiss.

**II. FACTUAL & PROCEDURAL BACKGROUND**

At approximately 10:30 a.m. on December 20, 2006, the plaintiff, a D.C. Metropolitan

Police Department ("MPD") officer, was a passenger in an MPD vehicle that was stopped on a

south-bound exit ramp on Interstate 295.  Am. Compl. ¶ 7.  According to the plaintiff, Sergeant

Jamarko Walker, an active duty Army soldier operating a government-owned van on official

Army business, negligently struck a nearby vehicle causing it to strike the plaintiff's vehicle. *Id*.

¶ 7.   The plaintiff asserts that he sustained a serious spine injury as a result of the accident and

has been unable to return to the MPD as a result.  *Id.* ¶¶ 3, 7.

The plaintiff retained counsel in or about October 2007, but realized on November 10,

2009 that his attorney had never filed a claim on his behalf before an administrative or judicial

body.  Pl.'s Opp'n  at 3.  He immediately retained new counsel and submitted a claim for

damages to the United States Army on December 2, 2009,[1] which the Army denied as untimely

in letters dated December 4, 2009 and January 13, 2010.  *See* Pl.'s Opp'n, Exs. 1, 2.  On

December 18, 2009, the plaintiff commenced an FTCA action against Secretary of the Army

John McHugh and Walker, alleging negligence on Walker's part.  *See generally* Compl.  The

plaintiff filed an amended complaint on February 23, 2010.  *See generally* Am. Compl.  On May

5, 2010, the U.S. Attorney's Office for the District of Columbia filed a Westfall Certification

with the court, substituting the United States for defendants McHugh and Walker.  Def.'s Mot.,

Exs. A-B; *see also* 28 U.S.C. § 2679(d)(1) ("*Westfall Act*") (providing that "upon certification

by the Attorney General that the defendant employee was acting within the scope of his office or

employment at the time of the incident out of which the claim arose, any civil action or

proceeding . . . shall be deemed an action against the United States . . . and the United States

shall be substituted as the party defendant").

The defendant has moved to dismiss the amended complaint, arguing that the court lacks

subject matter jurisdiction because the plaintiff failed to file an administrative claim within two

years of the accrual of his claim.  Def.'s Mot. at 6.  The plaintiff opposes the motion, arguing that

---

[1]     The plaintiff asserts in his original complaint that he submitted an administrative claim to the
Army on December 2, 2009, *see* Compl. ¶ 16, but this paragraph is omitted in his amended
complaint, *see generally* Am. Compl.  Though the plaintiff references this administrative
complaint in his response to the defendant's Motion to Dismiss, *see* Pl.'s Opp'n at 2, he has not
submitted a copy to the court.

the court should equitably toll the FTCA's two-year limitations period because he was unsure if Walker was acting within the scope of his military employment at the time of the accident. Pl.'s Opp'n at 3. The court now turns now to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of*

*Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is

not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227,

241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, "where necessary,

the court may consider the complaint supplemented by undisputed facts evidenced in the record,

or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

*Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*,

645 F.2d 404, 413 (5th Cir. 1981).

### B. This Case Does Not Merit Equitable Tolling of the FTCA Limitations Period

The defendant argues that because the plaintiff failed to file an administrative claim

within the two-year FTCA limitations period, a fact the plaintiff admits, Pl.'s Opp'n at 1, the

court lacks jurisdiction to adjudicate the plaintiff's claims, Defs.' Mot. at 6. Given the disparity

between the three-year District of Columbia statute of limitations for personal injury actions and

the FTCA's two-year statute of limitations, the plaintiff argues that he could not be sure with

which statute he should comply until he received the Westfall Certification on May 5, 2010.

Pl.'s Opp'n at 3-4. Accordingly, the plaintiff contends that the FTCA statute of limitations

should be tolled because he filed his complaint prior to the expiration of District of Columbia's

personal injury statute of limitations, having not yet received the Westfall Certification

confirming that Walker was acting within the scope of his employment. *Id*.

The FTCA's statute of limitations provides that a tort claim against the United States is

barred unless presented in writing to the appropriate federal agency within two years after the

claim accrues. 28 U.S.C. § 2401(b). A plaintiff seeking equitable tolling of the two-year statute

of limitations must generally demonstrate that he has pursued his rights diligently, or that that

some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 417

(2005). Equitable tolling has not typically been extended in cases in which plaintiffs sought to

excuse late filings while failing to exercise due diligence in preserving their legal rights. *Id*.

(citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Where no fraudulent

concealment or similar extraordinary circumstance exists, a plaintiff's failure to exercise due

diligence in discovering the material facts underlying the cause of action is fatal to those claims.

*U.S. ex rel. Miller v. Bill Harbert Int'l Const.*, 505 F. Supp. 2d 1, 8 (citing *Baldwin*, 466 U.S. at

151). For a claim of attorney misconduct to qualify as an extraordinary circumstance meriting

equitable tolling, more than a "garden variety" claim of excusable neglect must be demonstrated.

*Iriwn v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Downs v. McNeil*, 520 F.3d

1311, 1325 (11th Cir. 2008) (observing that the decision as to whether equitable tolling is

warranted should based on facts, not mere allegations).

Other than retaining counsel in the months after the accident, the plaintiff apparently

made no effort to discover Walker's employment status or to file suit within the two-year

limitations period. *See* Pl.'s Opp'n at 2-3. The plaintiff states that when he learned on

November 10, 2009 that his original attorney had failed to file an administrative claim, he hired a

new attorney that same day and shortly thereafter filed an administrative claim. *Id*. at 2.

Nevertheless, this claim was filed on December 2, 2009, nearly one year after the FTCA

limitations period had expired.[2] *See* Compl. ¶ 16. Moreover, the plaintiff has not alleged or

presented any evidence of fraudulent concealment on the part of the agency that might provide a

basis for equitable tolling. *See generally* Pl.'s Opp'n. Although the plaintiff complains that his

---

[2]        The FTCA accounts for the possibility that litigants may not initially realize whom to sue or in
which court they must file, and provides a remedy for plaintiffs who file a defective claim within
the two-year deadline. 28 U.S.C. § 2679(d)(5) (allowing a plaintiff who files a defective claim to
re-file their case and to use the original date of the filing of the underlying claim in determining
timeliness). The plaintiff here, however, failed to file a claim before any court or administrative
body prior to the expiration of the two-year deadline. *See generally* Am. Compl.

late filing should be excused because he filed suit before the District of Columbia personal injury statute of limitations expired, this Circuit has held that,

> [p]laintiffs injured in the District of Columbia or in any other jurisdiction where the statute of limitations is longer than two years could evade the FTCA statute by filing within the period prescribed by the state statute. Congress expressly rejected this proposition in the Westfall Act, which allows timely filed state-court tort claims removed to federal court to proceed only if the state-court action was filed within the two-year statute of limitations.

*Norman v. United States*, 467 F.3d 773, 776 (D.C. Cir. 2006) (declining to toll the FTCA limitations period in a case in which the plaintiff learned of the defendant's employment status after the limitations period had passed and had made no other efforts to determine the employment status of the defendant, who had hit him with his rental car).

Like the plaintiff in *Norman*, the plaintiff here failed to inquire into Walker's employment status. *See* Pl's Opp'n at 2 (indicating his sole reliance on the May 5, 2010 Westfall Certification in determining that Walker was acting within the scope of his employment). Because the plaintiff has not demonstrated that he was diligent in pursuing his claim, and no facts support a finding of extraordinary circumstance, the court declines to equitably toll the two-year FTCA limitations period.

Lastly, the plaintiff implies that his former attorney is at fault for his belated filing, Pl.'s Opp'n at 2, but offers no explanation or supposition for his attorney's actions, *see generally id*. The fact that the attorney did not file the claim does not, alone, provide a basis for equitable tolling. *Irwin*, 498 U.S. at 96 (noting that equitable tolling was not merited where a petition was filed out of time because plaintiff's attorney was absent from his office when the agency's final denial was received, but was filed within thirty days of actual notice); *Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008) (observing that "[w]hen an attorney miscalculates a deadline, fails to adequately raise a potentially meritorious claim, or otherwise makes a run-of-the-mill

mistake," a plaintiff must live with the consequences); *cf. Downs*, 520 F.3d at 1325 (recognizing that certain attorney misconduct may be a basis for equitable tolling but that a judicial evaluation of that conduct must rest of facts, not allegations). Accordingly, the plaintiff is not entitled to equitable tolling and his claims are time-barred.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued on this 22nd day of February, 2011.

RICARDO M. URBINA
United States District Judge